# SUPERIOR COURT.

## SPRING SESSIONS.

### 1883.

Thomas R. Curlett *v.* James H. Aaron, former owner, and Samuel McClary, Jr, owner or reputed owner.

Although in its general sense the word *contractor* applies to every party to a contract, it does not apply in the sense in which it is employed in the mechanic lien statute to any party to such contracts as are specially provided for in it, but such a claimant under its provisions as is particularly designated by the name of "contractor" in it, and which only embraces such party or parties as have contracted for the erection, alteration or repair of any house, building or structure, or of any part thereof, and also to furnish the materials therefor, with the owner of such house, building or structure, or with the agent of such owner, or with any contractor who shall have contracted for the erection, alteration or repair of the same, or any part thereof, and also for the furnishing of the whole or of any part of the materials therefor. And accordingly it is only such class of contractors and claimants under the statute that are not allowed to file a statement of their claims respectively in the manner prescribed in it, until after the expiration of ninety days from the completion of such building, house or structure, or of such alteration or repair, but are required by it to file a statement of the same within thirty days after the expiration of the ninety days aforesaid. While all other classes of claimants under the statute are required to file statements of their claims respectively in the manner prescribed in it, within ninety days from the completion of the work and labor performed by him, or within ninety days from the last delivery of materials furnished by him, provided, in either case, the amount exceeds twenty-five dollars.

*Scire facias* on a mechanic lien claim filed by the plaintiff against the defendants, to which exceptions in an affidavit of defence, and upon which judgment had been refused at the term

Curlett *v.* Aaron et al.

to which it was filed. There were also other cases of the same kind which were heard at the same term of the court which brought up for consideration the general interpretation of the existing mechanic lien statute of the State, and more particularly the peculiar meaning of the word *contractor* as employed in the provisions of it; and after taking time to consider it, the following opinion of the court upon it was announced by *Houston*, J.:

In the first place allow me to say that while in a general sense it is undoubtedly true that any and every person who enters into a contract as a party to it is a contractor, it would be worse than a solecism—an absolute absurdity—to suppose that the owner of the house, building or structure can in any event be a contractor for the erection, alteration or repair of it in the sense in which that term is employed in the mechanic lien statute of 1879 (*Delaware Laws*, Vol. XVI., p. 206), because he can never sue and obtain a judgment under it against himself, and there would be no use or necessity for it if he could.

I will now state what I think is the meaning of that term as it is employed in this statute. I have always understood that it was drawn chiefly at the instance of what are generally denominated " material men," or gentlemen in trade who do not follow the business of building, or contracting to build, homes for others, but who keep for sale the various materials and commodities which enter largely into the building and completion of them; and it is but fair to presume, if such was the fact, that their interest would be properly and particularly attended to in the preparation of it, and when they sold and delivered materials on the credit of a building about to be erected, altered or repaired, whether to the owner or to another who had taken a contract from him to do the work and furnish the material for it, or for any specified portion of it, at a stipulated price, it was natural that they should wish their respective claims to be among the first to be preferred under the provisions of it. And I think we have the evidence of this in the penning of the first section and in the first paragraph of it, which is as follows:

" It shall and may be lawful for any person or persons having

Curlett *v.* Aaron et al.

performed or furnished work and labor or material, or both, to an amount exceeding twenty-five dollars, in or for the erection, alteration or repair of any house, building or structure in pursuance of any contract, express or implied, with the owner of such house, building or structure, or with the agent of such owner, or with any contractor who shall have contracted for the erection, alteration or repair of the same, and for the furnishing of the whole or any part of the materials therefor, to obtain a lien, etc."

Then follows, in a few lines afterwards, this provision :

" That no contractor who shall have contracted for the erection of any building, house or structure, in whole or part, or for the repair or alteration of the same, and for the furnishing of the whole or any part of the materials therefor, shall be allowed to file any statement of his claim, as hereinafter provided, until after the expiration of ninety days from the completion of such building, house or structure so contracted for by him ; but such contractor, in order to avail himself of the benefits of this act, shall file his statement in the manner hereinafter provided, within thirty days after the expiration of the ninety days aforesaid, and all other persons embraced within the provisions of this act, and entitled to avail themselves of the liens herein provided for, shall file a statement of their respective claims in the manner hereinafter designated, within ninety days from the completion of the work and labor performed, or from the last delivery of materials furnished by them respectively."

It will be observed, on reading the foregoing provisions of the statute, that the last, prescribing the ninety days from the completion of the work and labor performed, or from the last delivery of materials furnished by them respectively as the time within which the statement of the claims of the respective claimants are to be filed under it, constitutes the general provisions of it, and applies to all claims of every description arising under it, except the claim of any contractor who has contracted for the erection, alteration or repair of any house, building or structure, and for the furnishing of the whole or any part of the materials therefor, or who has contracted for the erection of

Curlett *v.* Aaron et al.

any building, house or structure, in whole or in part, or for the repair or alteration of the same, and for the furnishing of the whole or any part of the materials therefor, because by the express terms of the act such a contractor and such a claimant only is forbidden to file a statement of his claim under it until after the expiration of ninety days from the completion of such building, house or structure so contracted for by him. And in such a contractor the statute evidently contemplates something more than a mechanic and a builder merely, for the phraseology of the provisions which I have just read not only requires that he should have contracted for the erection, alteration or repair, either in whole or in part, of the building referred to, but also that he should have contracted for the furnishing, in whole or in part, of the materials therefor in order to constitute him a contractor within the true meaning and import of the terms in which he is here defined in the act itself. A contractor to erect it, or to alter or repair it, either in whole or in part, would not of itself bring him within the description of a contractor as defined in the statute, neither would a contract merely on his part to furnish the materials, in whole or in part, therefore bring him within it according to the obvious meaning and intent of the statute. It will be observed that the copulative conjunction *and* is carefully preserved in connecting these two conditions together in both these passages of the statute which I have just read; but if we turn to the first paragraph in the first section of it, which relates to the claims of all other kinds of claimants except such a contractor as I have just been speaking of, we shall find that work and labor performed, or materials furnished, or both, are connected by the conjunction *or*, and the same is the case generally throughout all other parts of the statute except those upon which I have been more particularly commenting.

Of course, it follows from this that any one who contracts to erect the whole or any part of the building, and to furnish the material therefor, is such a contractor as is contemplated by the statute in the particular provisions to which I have referred,

Curlett *v.* Aaron et al.

and on the execution of his contract becomes such a claimant under it, that he is not permitted to file a statement of his claim until after the expiration of ninety days, as before mentioned. And it. matters not how many such contractors there may be separately engaged in the erection, repair or alteration of the building, or of parts of it, and in furnishing the materials for it, the same provision of the statute applies to each and all of them alike. But the laborers and workmen who perform the work, the brickmakers who contract to furnish the bricks, the lumbermen who contract to furnish the lumber, the plasterer who merely contracts to do the plastering, and the hardware merchant who contracts to furnish the nails, locks and bolts for the building, and, in fine, all other contractors, mechanics, workmen and laborers in any way employed in the erection and completion, repair or alteration of the house, building or structure are not deferred in the filing of their respective claims like the special class of contractors I have before been speaking of, but they all may and must file the statements of their respective claims within ninety days from the completion of the work and labor performed or from the last delivery of materials by them respectively. I should add, however, before closing, that while the special class of contractors I have before been speaking of are deferred under the statute, as I have before stated, in the filing of the statement of their respective claims until after the expiration of ninety days from the completion of such building, house or structure so contracted for by him, the statute requires that, in order to avail himself of the benefits of it, he shall file the statement of his claim within thirty days after the expiration of the ninety days aforesaid.

By the foregoing description of what constitutes in the purview of the statute a contractor of the special class who are not permitted to avail themselves of the benefits of it, and to file their claims, until after ninety days from the completion of the building, counsel can have no difficulty when they come to prepare the statement of any claim arising under the statute, in determining whether the contract of the claimant in the case was made with

Curlett *v.* Aaron et al.

such a contractor or not; for this provision applies to no claim whatever but the claim of such a contractor.

*Johnston* and *Hayes* for the plaintiff.
*Nields* for the defendant.

Exceptions sustained, claim disallowed and claimant for costs.